UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDAL L. SCHULTZ,

        Plaintiff,

  v.                                      Case No. 06-C-0508

AMERICAN LIGHTING, INC., and
AMERICAN LIGHTING LLC,

        Defendants.

**ORDER**

Plaintiff Randal L. Schultz sued Defendant American Lighting LLC (formerly known as American Lighting, Inc.) in Winnebago County Circuit Court, seeking a declaratory judgment that two confidentiality agreements were unenforceable. American Lighting removed the case to this court on the basis of diversity jurisdiction, asserting that the parties were citizens of different states and that the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332. Schultz has now moved to remand the case to state court. For the following reasons, his motion will be denied.

In order for this court to exercise subject-matter jurisdiction based on diversity of citizenship, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. American Lighting, as the proponent of federal jurisdiction, bears the burden of establishing the existence of those elements. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

Schultz, a natural person, is a citizen of Arizona. (Compl. ¶ 2.) American Lighting, Inc., was a corporation incorporated under Colorado law with its principal place of business in Denver, Colorado, and thus a citizen of Colorado. (Compl. ¶ 3.) The notice of removal does not specify the membership of American Lighting LLC. As a limited liability company, American Lighting LLC is a citizen of every state of which its members are citizens. *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Schultz argues that because the notice of removal fails to identify American Lighting's members and their states of citizenship, the notice is defective and remand is required.

Schultz correctly states that the absence of subject-matter jurisdiction may not be waived by the parties. *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). However, in response to Schultz's motion, American Lighting filed an affidavit by its chief financial officer that identifies its members and states of their citizenship. None is a citizen of Arizona. (Hoeven Aff. ¶¶ 4-8.) Thus, it appears complete diversity of citizenship does exist. Schultz nevertheless suggests that because defendants failed to properly allege the jurisdictional facts in their notice of removal, remand is required. But this is not the law in this circuit. *See Hicklin Engineering, L.C.*, 439 F.3d at 347-48 (basing finding of jurisdiction on "supplemental statement" filed after oral argument on appeal). Accordingly, remand will not be ordered based on the absence of diversity.

Schultz next argues that even if diversity of citizenship exists, the amount in controversy does not exceed the $75,000 threshold set by 28 U.S.C. § 1332. In a suit for declaratory relief, the amount in controversy is the "pecuniary result that would flow to either party from the court's granting the request for declaratory judgment." *America's Moneyline, Inc. v. Coleman*, 360 F.3d

782, 785 (7th Cir. 2004). In this case, that result potentially includes past and future lost profits that American Lighting will be unable to recover if the court declares the confidentiality agreements invalid.[1]

American Lighting alleges, in its notice of removal, that the amount in controversy exceeds $75,000. (Notice of Removal ¶ 5.) In response to Schultz's motion, American Lighting also submits the affidavit of Kurt Hoeven, its chief financial officer, who avers that American Lighting suffered "substantially in excess of $75,000 in lost profits[] through the end of 2005" as a result of plaintiff's alleged violation of the confidentiality agreements. (Hoeven Aff. ¶ 12.) Schultz objects that the allegation in the notice of removal and the averment in the affidavit do not suffice to prove that American Lighting's loss exceeds $75,000. Schultz expects too much at this stage in the proceedings. As the Seventh Circuit explained in *Brill*,

> suits are removed on the pleadings, long before "evidence" or "proof" have been adduced. The question is not what damages the plaintiff will recover, but what amount is "in controversy" between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal. Once the proponent of jurisdiction has set out the amount in controversy, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction.

*Id.* at 448; *cf. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.") Based on the pleadings and the evidence in

---

[1]American Lighting has sued Schultz in the United States District court for the District of New Mexico for breach of the confidentiality agreements. (Hoeven Aff. ¶ 10.)

record, the court cannot say to a legal certainty that American Lighting has not suffered in excess of $75,000 in lost profits as a result of Schultz's alleged breach of the confidentiality agreements. Accordingly, the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand this case to the Winnebago County Circuit Court is hereby **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for leave to file a Surreply is denied as moot.

**IT IS ALSO ORDERED** that the clerk shall schedule this matter for a Rule 16 conference.

Dated this   5th   day of May, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
