UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDAL L. SCHULTZ,

        Plaintiff,

v.                                          Case No. 06-C-0508

AMERICAN LIGHTING, INC., and
AMERICAN LIGHTING LLC,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Randal L. Schultz sued Defendant American Lighting LLC (formerly known as American Lighting, Inc.), seeking a declaratory judgment that two confidentiality agreements were unenforceable. American Lighting, which had previously sued Schultz for breach of the confidentiality agreements in the United States District Court for the District of New Mexico (the "New Mexico case"), has moved to dismiss this case in favor of its first-filed action. For the following reasons, American Lighting's motion will be granted.

American Lighting filed the New Mexico case on December 30, 2005. While the parties have not provided the court with a copy of the complaint in the New Mexico case, they agree that American Lighting asserted breach-of-contract, statutory, and tort claims against Schultz. Schultz answered the complaint in the New Mexico case on January 27, 2006. In his answer, Schultz asserted that the confidentiality agreements "violate[d] public policy and therefore [were] a nullity and . . . without force or effect" and that the agreements were "not reasonable and . . . broader than required to protect the party

with whom the contract is made, and accordingly . . . unenforceable." (Feuchter Aff., Ex. 1 at 15, 17.) Schultz then filed this case on March 24, 2006.[1] He seeks from this court a declaration that the second of the two confidentiality agreements superseded the first, a declaration that both agreements are illegal, void and unenforceable under Wis Stat. § 103.465,[2] and an injunction against their enforcement. (Compl. at 5.)

As a preliminary matter, the court notes that Schultz has filed a motion to stay the New Mexico case or to transfer it here. Schultz has moved for leave to file a copy of American Lighting's brief in opposition to that motion. American Lighting does not oppose filing of the brief. Leave to file will therefore be granted, and the brief will be considered in the disposition of this motion.

When two cases involving the same parties and the same issues are pending in different districts, federal courts have the inherent power to transfer, stay, or dismiss one of them to avoid duplicative litigation. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *Barrington Group, Ltd v. Genesys Software Systems, Inc.*, 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin*, 3 F.3d at 221 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). In considering which of two duplicative actions should be dismissed, "there is a presumption that the first-filed case should be allowed to go forward and

---

[1]Schultz initially filed this case in the Winnebago County Circuit Court. American Lighting, invoking this court's diversity jurisdiction, *see* 28 U.S.C. § 1332, promptly removed it.

[2]The statute provides that restrictive covenants are valid and enforceable "only if the restrictions imposed are reasonably necessary for the protection of the employer or principal." Wis. Stat. § 103.465.

2

the second case abated, although the presumption can be rebutted by a showing that special circumstances dictate departure from the rule." *Barrington*, 239 F. Supp. 2d at 873.

Schultz argues that this case and the New Mexico case are not duplicative because American Lighting seeks money damages in the New Mexico case, while Schultz seeks only declaratory and injunctive relief in this case. While the nature of the relief sought may differ, both cases involve the identical issue of whether the confidentiality agreements are valid and enforceable. Furthermore, the pendency of an action for money damages, far from permitting a separate action for declaratory relief, strongly suggests that the time for declaratory relief has passed.[3] *Tempco Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 749 (7th Cir. 1987) (holding that declaratory judgment actions are generally limited to cases where "(1) [t]he controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e. a suit for damages or an injunction) but has not done so; [or] (2) [a]lthough the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision."); *see also Generac Corp. v. Omni Energy Systems, Inc.*, 19 F. Supp. 2d 917 (E.D. Wis. 1998) (dismissing first-filed declaratory judgment action in light of fact that

---

[3]For this reason, the court declines to stay its ruling on this motion pending a ruling on the motion to stay or transfer the New Mexico case. *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738 (E.D. Wis. 2003), which Schultz cites in support of his argument that such a stay is appropriate, involved two "mirror-image" actions for patent infringement. The court held that "when at least one claim in a first-filed action 'mirrors' claims brought in a later-filed action, the determination of which case should go forward must be left to the judge in the first-filed action." *Id.* at 741. Here, while this case and the New Mexico case involve the same issue (the validity of the confidentiality agreements), only the New Mexico case includes a claim for money damages for the breach of those agreements. In light of the pendency of that claim, declaratory relief is no longer appropriate.

3

opposing party had subsequently filed action for money damages). Accordingly, the court concludes that this case and the New Mexico case are duplicative.

To determine whether special circumstances exist such that the plaintiff in the second-filed case has rebutted the presumption in favor of dismissal, the court should consider:

(1) the adequacy of the relief available in the alternative forum;

(2) promotion of judicial efficiency;

(3) the identity of the parties and the issues in the two actions;

(4) the likelihood of prompt resolution in the alternative forum;

(5) the convenience of the parties, counsel and witnesses; and

(6) the possibility of prejudice to any party.

*United States v. Costello*, 809 F. Supp. 56, 58 (E.D. Wis. 1992) (citing *Unilease Computer Corp. v. Major Computer Inc.*, 126 F.R.D. 490, 493 (S.D.N.Y. 1989)).

Consideration of these factors leads the court to conclude that it should dismiss this case. Among the factors, judicial economy stands out as a particular concern. American Lighting has asserted statutory and tort claims as well as breach-of-contract claims against Schultz. American Lighting's statutory and tort claims are not before this court; as a result, disposition of this case cannot conclude the litigation between the parties. Disposition of the New Mexico case can. This factor alone weighs heavily in favor of dismissal.

Beyond the obvious judicial efficiency achieved by resolving the parties' entire dispute in a single case, the remaining factors rest in equipoise or militate in favor of dismissal. Neither party argues that the New Mexico court is unable to afford adequate relief. The parties to the two cases are identical, and the issues presented in this case are a subset of the issues presented in the New Mexico case. While the

4

parties dispute whether this court or the District of New Mexico resolves cases faster, neither party suggests that litigation in the District of New Mexico proceeds at such a languid pace that parties thereto are denied prompt resolution of their disputes. Schultz points out that none of the parties or witnesses to this case reside in New Mexico. However, Schultz resides in Arizona, and the principals of American Lighting reside in Colorado. Arizona and Colorado are at least in the same time zone as New Mexico; Wisconsin is not. While Schultz asserts that a number of American Lighting's vendors and customers reside in Wisconsin, he does not specify what evidence, if any, these persons have to offer as witnesses. Schultz also provides no support for his argument that the New Mexico court would ignore applicable Wisconsin law to his prejudice. In sum, the court concludes that no special circumstances exist that would justify deviation from the first-filed rule. Accordingly, the court will dismiss this case in favor of the New Mexico case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file (Docket #36) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket #26) is **GRANTED.**

Dated this 5th day of July, 2006.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge